IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OSIRIS E. LOPEZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-12-CV-0606-L |
| | § | |
| DALLAS MINISTRY CENTER, | § | |
| ET AL. | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Osiris E. Lopez, a citizen of Texas, against the Dallas Ministry Center, the Church of Scientology, and others alleging wrongdoing in connection with his eviction from transitional housing.[1] On February 28, 2012, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the

---

[1] Plaintiff also lists The Bridge, the Metro Dallas Homeless Alliance, and the Nation of Islam as potential defendants. (*See* Mag. J. Interrog. #1(d)).

factual basis of this suit. Plaintiff answered the interrogatories on March 7, 2012. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

II.

According to plaintiff, the Dallas Ministry Center, acting as a front for the Church of Scientology, evicted him from a transitional housing program on or about February 13, 2012. (*See* Plf. Compl. at 1; Mag. J. Interrog. #1(a) & (e)). Plaintiff accuses the defendants of interfering with his "ability to make and enforce my transitional housing program, with decidedly anti-Catholic intentions[,]" and impairing his "ability to sue, be party, give evidence, and participate in" a pending federal investigation. (*See* Mag. J. Interrog. #7). By this suit, plaintiff seeks injunctive relief and unspecified damages for violations of 42 U.S.C. § 1981, 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 1512, and 18 U.S.C. § 3771. (*See* Plf. Compl. at 1).

A.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

B.

Plaintiff does not allege a cognizable claim arising under federal law. The first statute cited by plaintiff, 42 U.S.C. § 1981, prohibits discrimination based on race. *See Woolf v. Mary Kay Inc.*,

176 F.Supp.2d 642, 652 (N.D. Tex. 2001), *citing Olivares v. Martin*, 555 F.2d 1192, 1195-96 (5th Cir. 1977). However, nowhere in his complaint or interrogatory answers does plaintiff allege that he was evicted from transitional housing on account of his race. Rather, plaintiff intimates that he was evicted because he is Catholic and to prevent him from participating in a pending federal investigation of the transitional housing program. (*See* Mag. J. Interrog. #7). Such allegations do not state a claim for relief under section 1981. *See Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir. 1994) (discussing elements of section 1981 claim).

The other statutes cited by plaintiff are federal criminal laws. "[F]ederal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action." *Williams v. Cintas Corp.*, No. 3-07-CV-0561-M, 2007 WL 1295802 at *2 (N.D. Tex. Apr. 10, 2007) (collecting cases), *rec. adopted*, 2007 WL 1300780 (N.D. Tex. May 2, 2007). In order for a private right of action to exist, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Ali v. Shabazz*, 8 F.3d 22 (Table), 1993 WL 456323 at *1 (5th Cir. Oct. 28, 1993), *quoting Cort v. Ash*, 422 U.S. 66, 79, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975). There is no private right of action for criminal conspiracy under 18 U.S.C. § 241, or the deprivation of rights under 18 U.S.C. § 242. *See Phillips v. United Parcel Service*, No. 3-10-CV-1197-G-BH, 2011 WL 2680725 at *10 (N.D. Tex. Jun. 21, 2011) (citing cases), *rec. adopted*, 2011 WL 2678949 (N.D. Tex. Jul. 8, 2011). Nor is there a private right of action for tampering with a witness, victim, or informant under 18 U.S.C. § 1512, or under the Crime Victims Rights Act, 18 U.S.C. § 3771. *See Thornton v. Merchant*, No. H-10-0616, 2011 WL 147929 at *13 (S.D. Tex. Jan. 18, 2011) (section 1512); *Lopez v. Cunningham & Moore*, No. 3-12-CV-0511-B, Mag. J. F&R at 3 (N.D. Tex. Feb. 28, 2012) (section 3771). These criminal statutes do not provide a basis for federal question jurisdiction. *See Ali*, 1993 WL 456323 at *1, *quoting Johnson v. Kegans*, 870 F.2d 992,

1005 n.4 (5th Cir.) (Goldberg, J., dissenting), *cert. denied*, 109 S.Ct. 3250 (1989) (corrective process under criminal statutes "lie[s] entirely within the discretion of a governmental body").

Finally, there is no basis for federal diversity jurisdiction. It is apparent from the pleadings that plaintiff and all defendants are citizens of Texas. (*See* Mag. J. Interrog. #3(b)). Consequently, federal diversity jurisdiction is not proper. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 2402-03, 57 L.Ed.2d 274 (1978) (in order for a federal court to exercise diversity jurisdiction, the citizenship of *all* plaintiffs must be different from the citizenship of *all* defendants).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed for lack of subject matter jurisdiction.[2]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[2] The disposition of this case does not necessarily preclude plaintiff from suing defendants in Texas state court.

DATED: March 9, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE